# WILLIAM SIGOURNEY *et al. versus* NAHUM SIBLEY *et al.*

On an appeal from a decree of a judge of probate respecting the estate of a deceased person, on the ground of his being interested in the estate and therefore ousted of jurisdiction over it, the judge is a competent witness to prove that he is not interested.

Where the judge of probate had a valid claim against the estate of a deceased person, but had determined in his own mind not to enforce his claim, and exercised jurisdiction over the estate by granting letters of administration, it was *held*, that he nevertheless was interested as a creditor of the estate, and that the grant of administration was therefore void for want of jurisdiction.

Administration granted by a judge of probate on an estate over which he has no jurisdiction, is not rendered valid by the circumstance that exception was not taken to his jurisdiction.

Under the statute provision, that the Probate Court " in which the estate of any deceased person is settled or in the course of settlement," may make partition of his real estate, the authority to make partition is merely incidental to the general probate jurisdiction over the estate; so that where the grant of administration is void for want of jurisdiction, an order for partition of the real estate must likewise be void.

A Court of Probate having no jurisdiction over an estate, but in which a special administrator has been appointed by a decree appealed from, and who acts by force of the statute during the appeal, is not the Court of Probate in which " the estate is settled or in the course of settlement," within the meaning of the statute.

THIS was an appeal from a decree of Ira Barton, judge of probate of this county, ordering a partition of the real estate of Andrew Sigourney, late of Oxford, deceased, intestate. The appellees, by whom the application for partition was made, and the appellants, were heirs at law of the deceased. The first reason of appeal was, because none but a special administrator having been appointed upon the estate of the eceased, no partition of the real estate ought to be made until the condition thereof can be ascertained, and what share shall belong to each heir at law, and what parts, if any, are requisite to pay the debts of the deceased ; nor until it can be ascertained that he left no last will and testament.

The second reason was, that the judge of probate, at the time of rendering the decree, was not competent to act, because he was then a creditor of the estate of the intestate, having a claim against the same then and still unsatisfied.

At the trial, before *Dewey* J., it appeared that the intestate

died in April, 1838, leaving personal estate much more than sufficient to pay all his debts. Two of the appellants applied to the judge of probate to be appointed administrators of his estate and a decree to that effect was passed, from which the present appellees appealed. These appellees then applied to have special administration granted to R. Newton, and a decree appointing him was passed, from which the present appellants appealed. Subsequently the present appellees presented a petition to the judge of probate for partition, upon which application the decree was made from which the present appeal was taken.

Evidence was offered to show the interest of the judge ; to the admissibility of which the appellees objected, because no motion had been made in the court below to transfer the case to another county. The appellants were apprized of the supposed interest of the judge, after the hearing before him in regard to granting special administration, and it was assigned as a reason of appeal from his decree granting such administration. At the hearing in regard to partition they made no motion to remove the case to another county. The judge admitted the evidence. Whereupon it was proved, that on April 29, 1834, Richard Stone and Peter C. Bacon, as assignees of Jonathan Davis, who had conveyed certain land to them in trust, conveyed the same land to Barton by a deed of quitclaim. At the same time they gave him a bond, with condition, that if Sigourney, who had caused the land to be attached in a suit against Davis, should levy upon it, they would bring an action to try the validity of the levy, and would save Barton harmless from the attachment and levy. In January, 1835, Sigourney levied upon the land and took possession, and in the following May he leased it to a tenant, who occupied it for the term of one year, and paid him the rent. In February, 1835, Barton conveyed the land to Bacon by a deed not expressing any trust, but made for the purpose of enabling Bacon to bring an action in his own name for the benefit of Barton, to try the question of title. Bacon accordingly brought a writ of entry against Sigourney and recovered the land. Some time afterward, Barton directed him to make a demand on Sigourney for the mesne profits, and to sue for them if not paid ; and he

accordingly made such a demand in the name of Barton, but Sigourney was offended, because, he said, he ought not to pay the rent when he should not receive any thing under the assignment of Davis, towards his debt, and he was unwilling to pay over the rent. Bacon communicated to Barton what Sigourney had said about paying the rent, and Barton thereupon told him to let it lie and Bacon did nothing about it after that time. Bacon testified, that if he had collected the rent of Sigourney, Barton would have been entitled to the money. Barton testified, that after hearing what Sigourney had said to Bacon, his claim to mesne profits had been laid aside, and he determined not to think of it again; that he never gave a release of his claim, and he now considered that he had a legal claim for the rent, but that after hearing what Sigourney had said, he had never intended to enforce the claim, though he never communicated that intention to any one.

The case was argued in writing.

*Washburn*, for the appellants, contended, 1. That the judge of probate was interested as a creditor of the estate of the intestate, and that his interest still continued. His testimony should have been rejected, not so much on the ground of interest, as of public policy. He ought not to be permitted to testify in favor of his own jurisdiction, when the question may depend upon his own secret intentions and volitions. But taking his testimony to be unobjectionable, it does not prove a release or extinguishment of his claim.

2. His interest in the estate rendered him incompetent to act, and consequently the original grant of administration was void. Revised Stat c. 83, § 15; St. 1817, c. 190, § 5; Cottle, Appellant, 5 Pick. 483; Coffin v. Cottle, 9 Pick. 287. The omission to urge this objection, even if the appellants had been aware of it in season, could not give jurisdiction. 1 Dane's Abr. 561, 579; 2 Dane, 635, § 9; 3 Dane, 65; Capron v. Van Noorden, 2 Cranch, 125.

3. He could not grant the petition for partition, because of his want of jurisdiction in respect to the original administration of the estate. Revised Stat. c. 103, § 50.

*Merrick*, for the appellees. The judge of probate was not interested in the estate, within the meaning of the statute

Having, in consequence of the objection made by Sigourney, determined never to enforce his claim, and having, in consequence of such determination, taken upon himself jurisd'ction of the estate, his claim is effectually surrendered. *Cottle*, *Appellant*, 5 Pick. 483.

But if he was interested in the estate, and if that is a good ground of objection to the grant of original administration, it is not a good objection to the decree ordering the partition. " The Probate Court in which the estate of any deceased person is settled or *in the course of settlement*, may make partition of all his real estate," &c. Revised Stat. *c.* 103, § 50. A special administrator has been appointed, and it is his duty to proceed in the execution of the trust, notwithstanding the intervention of an appeal, until he shall be restrained by order of this Court. The estate then is " in the course of settlement " under the special administration. Revised Stat. *c.* 64, § 6, *et seq.* Further, if the claim of the judge of probate were allowed, the intestate's personal estate is so ample, that no resort could be had to the real estate for the payment of such claim.

SHAW C. J. delivered the opinion of the Court. The principal questions discussed in the present case are, 1. Whether the judge of probate was interested in the estate of Andrew Sigourney deceased ; — and if so, 2. Whether this prevented him from having jurisdiction of the settlement of the estate of the intestate, and to what extent. The question arises rather incidentally in the present case, which was a petition to the judge of probate, by some of the heirs at law of the intestate, claiming title under him by descent, against others of the heirs at law, to have partition of the real estate.

The first question is, whether the judge of probate was interested, and whether the original grant of administration under his decree, was thereby void.

In the case of *Cottle*, *Appellant*, 5 Pick. 483, it was held, that being a creditor to the estate of a deceased person, did ender a judge of probate interested, within the provisions of the statute. And we have no reason to question the correctness of this opinion. On the administrator it depends, to allow or disallow claims against the estate, in the first instance, to

prosecute and defend suits, and generally to act as a trustee for the benefit of creditors and distributees. Under such circumstances, a creditor has a direct interest in the appointment of an administrator.

The Revised Statutes in this respect conform to the provisions of the former statute. Revised Stat. c. 83, § 15. It provides that when a judge of probate shall be interested in any case, within his jurisdiction, it shall be transferred, &c.

The question then recurs, whether the judge of probate for this county, was interested as a creditor in the estate of Sigourney deceased. It appears that as the owner of a parcel of real estate, purchased of the assignees of Jonathan Davis, he had a valid claim against Sigourney, for mesne profits, consisting of a year's rent of an estate claimed and recovered by the trustee of Judge Barton, and for his use, in a real action. We consider that it makes no difference in this respect, whether technically the action of trespass for mesne profits, should be brought in his own name, or in the name of Bacon for his use. He considered the claim to be beneficially his. Bacon considered it so. It was for Judge Barton to say whether he should commence an action for these mesne profits, or forbear to do so ; and Mr. Bacon considered, that if recovered, they would be to Judge Barton's use.

As to the nature of the claim, it seems to be one that Sigourney could not legally resist. He had levied an execution upon an estate, purchased by Judge Barton, had taken actual possession under his levy, and held it one year, and let it, and received the rent. Then Judge Barton, by Mr. Bacon suing for his use, recovered the estate, and defeated Sigourney's levy, and then Sigourney became liable for the mesne profits.

Was this claim, in any lawful manner, defeated, waived, or extinguished, at the time that the petition for administration was presented ? We see no legal objection to the competency of Judge Barton as a witness ; we think he had no such pecuniary interest in the event of this suit, as to render him incompetent under the rules of the common law. But taking the facts as testified by him, the Court are all of opinion, that they do not show any discharge or extinguishment of that interest He states that having, through Mr. Bacon, applied to Sigour

ney, for the mesne profits, he, Sigourney, felt hurt and of fended, and thought it hard, that he should be called upon, because he had sustained losses on the same transaction ; and when this was reported to Judge Barton, he determined in his own mind, not to persist in the claim, and not to commence any suit for the same, and gave Mr. Bacon directions accordingly. But we think Judge Barton was right in the opinion which he expressed, that he still had a legal claim. His determination not to prosecute such claim, was in its own nature revocable. Even had he expressed such determination, it would make no difference, because a parol release, without payment or satisfaction, is no extinguishment of a debt. It may even be doubtful whether a release, executed after the decease of a debtor and before the appointment of an administrator, could legally avail, because there would be no one competent to accept such release. But this is immaterial, because no such release was executed. But there was a legal claim at the time of the decease of the intestate, and, there having been no release, or discharge, payment or satisfaction, the claim remained in force, notwithstanding the determination of Judge Barton that he would not enforce such claim, and therefore he was interested in the estate, within the meaning of the statute, and could not take jurisdiction of the question of granting administration.

The Court are also of opinion, that the jurisdiction is not aided by the consideration, that no exception was taken on this ground, and no application was made by the appellants, below, to remove the case to another county. It is a general rule, that want of jurisdiction, especially of a court of limited and special jurisdiction, cannot be aided, by any waiver of exceptions, or even by express consent. If this is true in ordinary cases, it is so *à fortiori*, in a case of a probate decree, granting administration, which binds not only all those, who happen to be before the court as litigant parties, but all those, who, as creditors, heirs or otherwise, may be interested, directly or remotely, in the settlement of the estate.

But it was contended on the part of the respondents, that although the grant of original administration might be void, for want of jurisdiction, it did not follow as a necessary con

sequence, that the judge of probate might not have jurisdiction to grant partition, between tenants in common, claiming as heirs at law.

<em>Sigourney<br>v.<br>Sibley.</em>

This must depend upon the authority conferred upon Courts of Probate by statute, to make partition among heirs and devisees. Revised Stat. *c.* 103, § 50, provides, that the Probate Court, in which the estate of any deceased person is settled, or in a course of settlement, may make partition of all his real estate, lying within the State, among his heirs or devisees, and all persons holding under them.

We think this provision will admit of but one construction, which is, that this jurisdiction to make partition, amongst heirs and devisees, shall belong to the Court of Probate having the rightful and final jurisdiction of the settlement of the estate of the deceased. It is incident to the general probate jurisdiction of the estate of a deceased person. It is fit it should be so. It is most competent for that court to judge, whether real estate may be required as assets, and therefore to determine the expediency of making partition, amongst heirs and devisees, who in regard to creditors are to be deemed volunteers. There can be but one Court of Probate in the State, which has rightful jurisdiction of the settlement of an estate, and that must be the court having jurisdiction to make partition. Now when it is determined that the grant of administration was void, for want of jurisdiction, it appears judicially that the court never had jurisdiction, and that the proceedings are void *ab initio*, except as to certain things, which it is for the benefit of all parties should be done, for the security and benefit of all concerned, and which when done, by a temporary administrator appointed for the purpose, are protected by the statute. Revised Stat. *c.* 64, § 6, 7, 8, 9. Such special administrator can make no payment of debts or distribution of the estate, and is merely to collect and secure the property and deliver it over to a rightful executor or administrator when established by a final decree. We think, therefore, that a Court of Probate, in which such special administrator has been appointed, by a decree appealed from, but acting by force of the statute during the appeal, is not the Court of Probate in which the estate is settled, or is in a course of settlement, within the meaning of the statute.

The Court are therefore of opinion, that the decree of the Court of Probate, ordering partition in this case, must be reversed.

For the same reasons, the decree of the Court of Probate, granting letters of administration on the estate of Sigourney, was reversed, on the ground that the judge of probate of this county was interested in the estate, and the proceedings remitted to the Court of Probate, to the end that application might be made by any person interested, to the Probate Court for the county of Middlesex, being the most ancient adjoining county, to grant administration on the estate of the deceased, according to the provisions of the statute.   Revised Stat. c. 83, § 15.